TURRELL v. SNYDER. See Case No. 14,-269.

---

## Case No. 14,267.

### TURRELL v. SPAETH et al.

[2 Ban. & A. 185; [1] 8 O. G. 986.]

Circuit Court, D. New Jersey. Nov., 1875.

PATENTS—EVIDENCE OF INFRINGEMENT.

Where, upon the taking of proof to establish complainant's prima facie case, it has been shown that defendant, during the time between the granting of the patent and the filing of the bill, had on hand a considerable number of each of the parts constituting the elements of complainant's patented combination, it is proper that the defendant and other witnesses should be compelled to state whether he had used any of the parts in the construction of articles substantially like the patented article, and to answer all other questions tending to show the subsequent use of any of the parts.

[Cited in Maynard v. Pawling. 3 Fed. 713; Roberts v. Walley. 14 Fed. 168; Schneider v. Pountney, 21 Fed. 404.]

In equity.

Charles F. Blake, for complainant.
J. Van Santvoord. for defendants.

NIXON, District Judge. This suit is for the infringement of reissued letters patent [No. 6,369]. dated April 6. 1875. for improvement in skates. of which the complainant [George B. Turrell] became the owner by assignment on the 13th of April, 1875. The bill was filed July 6. 1875. charging the defendants with infringement, and praying for an injunction and for an account of the gains and profits made by the defendants, and of the damages sustained by the complainant from the said infringement.

The complainant is taking testimony to prove his prima facie case, and has issued a subpoena duces tecum. to one of the defendants. Edward Spaeth. requiring him to produce before the examiner "all books, papers and documents whatever, that will show the number of skates made or delivered by the defendants, or their employees, since the 6th day of April, 1875."

[1] [Reported by Hubert A. Banning. Esq.. and Henry Arden, Esq., and here reprinted by permission.]

The defendants complain that this is not an honest inquiry into their acts, to sustain the charge of infringement, but an attempt, by an abuse of the process of the court, to ascertain the nature, extent and direction of their business affairs. While they express themselves willing to make a full exhibit of all their manufacture and sale of skates from the date of the last reissue of the patent, to the commencement of this suit, they protest that the complainant is not entitled, at this stage of the proceedings, and before a decree against them for infringement, to compel an exposure of their business matters since the last-named date. They have accordingly applied for, and obtained, a rule upon the complainant, to show cause before the court, (1) Why the subpoena duces tecum, should not be modified by inserting the clause, "and until the commencement of this suit" after the words and figures, "6th day of April, 1875," and (2) "why the defendants should not be excused from disclosing to the complainant. in the complainant's prima facie case, what defendants have or have not done since the commencement of this action."

The counsel for the complainant justifies the questions propounded, and the call for the books exhibiting the amount and character of the business of the defendants since the filing of the bill, on the ground that the complainant's patent is for a combination: that it already appears in evidence, that the defendants have a contract to manufacture the skates, which are sworn to be an infringement of the complainant's patent, and to deliver them to persons who are not licensees of the patentee; that a number of such skates are yet to be made and delivered under said contract; that it further appears that the defendants are accustomed to make large quantities of the parts of skates interchangeable, and to put them together afterwards; that it is admitted in their testimony that some of these parts were manufactured before the commencement of the suit, and the object of the present inquiry is to ascertain whether the other parts of the skates have not been manufactured since, and whether the parts made before filing the bill have not since been united to form skates, so that what was done after the reissue and before the suit has been contributory to the infringement. The reissued patent, owned by the complainant and for the infringement of which the suit is brought, is undoubtedly for a combination. In the specification, the inventor states that the nature of his invention consists in the combination, with a skate and the lateral acting clamps, of mechanism that operates to move the clamps towards each other with sufficient force to cause them to grasp the sole and hold the skate to the boot or shoe. The first claim of the reissue is for "the combination, in a skate, of clamps for grasping the sole, a plate or rest for the foot, and mechanism for moving and holding the clamps." The second is

for "the clamps for grasping the heel and the clamps for grasping the sole, combined with mechanism operating and holding both sets of clamps, substantially as specified." The law is well settled that such a patent is not infringed by the use of some of the parts which make up the combination, the other parts being omitted, unless the place of the discarded constituents is supplied by something substantially equivalent. As was remarked by Mr. Justice Nelson, in delivering the opinion of the supreme court in Vance v. Campbell, 1 Black [66 U. S.] 429, "unless the combination is maintained, the whole of the invention fails. The combination is an entirety; if one of the elements is given up, the thing claimed disappears." Hence, also, it was held in Gould v. Rees, 15 Wall. [82 U. S.] 194, that "where the defendant in constructing his machine omits entirely one of the ingredients of the plaintiff's combination without substituting any other, he does not infringe; and if he substitutes another in the place of the one omitted, which is new or which performs a substantially different function, or if it is old, but was not known at the date of the plaintiff's invention as a proper substitute for the omitted ingredient, then he does not infringe."

The complainant seeks to establish his prima facie case of infringement by putting one of the defendants on the stand as a witness, and proving by him what the defendants have done. He calls his attention to Ex. No. 1, and asks whether he has made skates substantially like that. The witness admits that he has, and that the defendants have a contract to furnish such skates to the firm of Peck & Snyder. He is then requested to produce the contract, which he properly declines to do, alleging as a reason that he does not wish to disclose to rivals the price which they were to receive, nor the number to be manufactured; but he again admits that it was a contract to deliver skates very nearly like Exhibit No. 1 of complainant. The sole pertinent inquiry now is the fact of the infringement, and that fact will not be made any more evident by producing the contract, than it has been, by the admissions of the defendant. The extent of the infringement is a different question, and will only arise, if at all, upon a reference for an account, after a decree for the complainant. He then continues the defendants' examination as follows: Q. 23. Do you keep books of account, which show how many skates, like Exhibit 1, you make: the deliveries of such skates, and the dates of such deliveries? A. Yes. Q. 24. Will you produce those books of account at the next adjournment? (Objected to because complainant has no right to compel the witness to produce his books at this stage of the suit, and because he has not served any subpœna duces tecum upon him, and he has no right to such subpœna.) A. I decline throwing our books open to the complainant. Q. 25. In manufacturing skates

under your contract, has it been your practice to make considerable numbers of each of the different parts of the skates and to keep them until such time as you may desire to put them together? A. We always have made those parts at the commencement of the year, as that is work we keep boys on to fill up time when we are doing nothing else. Q. 26. During the period of time between the reissue of the patent and the filing of the bill, did you have on hand a considerable number of each of the parts constituting the clamping mechanism like that in Exhibit No. 1? A. Yes. We always do have such parts in the factory. Q. 27. Since that time have you used any of the parts that you then had in store, in the construction of skates, substantially like complainant's Ex. No. 1? (Objected to as immaterial and irrelevant to any issue in this suit, and because the question ought to be limited to the time of commencement of this suit; and counsel instructs witness not to state what he has done since that time.)

The design of these questions is apparent. They are put on the theory that, in a patent for a combination, he is an infringer who makes and sells only one or two of the parts of which the combination is composed, if done with the intent that the purchaser shall unite them with the other parts, procured either from the same or other sources, and at the same or at different times. That seems to be the principle decided in Wallace v. Holmes [Case No. 17,100], on which the counsel for the complainant relies, in support of his right to ask the question, and to call for the books of the defendants, exhibiting their business since the commencement of the suit. In that case—where there was a patent for a new and useful improvement in lamps, which consisted of an improved burner in combination with a chimney, and the proof was that the defendants had manufactured and sold the burners alone, leaving the purchaser to supply the chimney, without which the burner was useless—the late Judge Woodruff held, that the manufacture and sale of the burner by the defendants, without the chimney, was an infringement of the patent. "It cannot be," he says, "that, where a useful machine is patented as a combination of parts, two or more can engage in its construction and sale, and protect themselves by showing that, though united in an effort to produce the same machine, and sell it, and bring it into extensive use, each makes and sells one part only, which is useless without the others, and still another person, in precise conformity with the purpose in view, puts them together for use. If it were so, such patents would, indeed, be of little value. In such case all are tort-feasors, engaged in a common purpose to infringe the patent, and actually, by their concerted action, producing that result." * * * "Each is liable for all the damages."

Without thereby intending to intimate an

ultimate opinion in regard to that case, or in regard to its relevancy to the pending one, I propose to adopt its spirit in the order which I shall make on the present motion.

Let the subpœna duces tecum be modified, as the defendants request, by inserting the clause, "and until the commencement of this suit" after the words and figures, "6th day of April, 1878," but, at the same time, let the defendant and any other witnesses answer question 27 and all other questions tending to show the subsequent use of any of the parts of skates, like Ex. No. 1, which defendants had on hand when the suit was commenced.

This order is made upon the supposition that the answer to question 27 will serve the purpose of complainant as to present proof. If the evidence as to the fact of what the defendants have done since the commencement of the suit, in the matter of uniting the constituents of the combination, should not be satisfactory to the complainant, and it is supposed that the book of the defendants will shed more light on the subject, the court will hear an application hereafter, on notice to defendants, in regard to the exhibition of the books of account.

[For subsequent proceedings, see Cases Nos. 14,268 and 14,269.]